UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LARRY PHILPOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   17 Civ. |
| TERI KINDER, TERI HOFFMAN, | ) |
| ANDREW KINDER, | ) |
| ENCORE UNLIMITED, INC., | ) |
| PRINTED GUITAR PICKS LIMITED, | ) |
| KIRK PALMER, IAN PURVIS, | ) |
| JULIE PALMER | ) |
| | ) |
| Defendants. | ) |

COMPLAINT

Plaintiff Larry Philpot ("Philpot"), by his undersigned counsel, for his complaint against Defendants, Teri Kinder, Teri Hoffman, Encore Unlimited, Inc., Printed Guitar Picks Limited, Kirk Palmer, Ian Purvis and Julie Palmer ("Defendants"), alleges:

Nature of the Action

1. Philpot is bringing this copyright infringement action to obtain damages resulting from the unauthorized copying and public display of Philpot's photographs of the following singers and songwriters (collectively hereinafter the "Photographs") (i) Carlos Santana (the "Santana Photograph"), (ii) Kid Rock (the "Kid Rock Photograph"), (iii) Neil Young (the "Young Photograph"), for which Philpot owns the following federally registered copyrights (hereinafter collectively the "Registrations"): (individually the "Santana Copyright," "Kid Rock Copyright," "Neil Young Copyright," respectively).

Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331 and § 1338(a) because they arise under the Copyright Act, 17 U.S.C. § 101 *et seq.*

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a) because Defendants reside in or have a place of business in this District and in England.

4. The Court has personal jurisdiction over defendants because defendants reside in or regularly conduct business in Massachusetts including shipping the infringing products into and selling the infringing products in and from Massachusetts. On information and belief, defendants Teri and Andrew Kinder reside and do business in Freetown, Massachusetts and defendants Printed Guitar Picks Limited et al. reside at, Unit 18D, Medomsley Road Workshops, Number One Industrial Estate, Consett, Co. Durham DH8 6SY, England.

The Parties to this Action

3. Philpot is a natural person having a place of business at 12527 Winding Creek Lane, Indianapolis, Indiana 46236. Philpot is a professional music photojournalist.

4. Upon information and belief, certain of the Defendants are individuals, Teri and Andrew Kinder and their corporate entity residing in or organized and existing under the laws of the State of Massachusetts, with a principal place of business or residence in Massachusetts including in East Freetown, Massachusetts. Certain other Defendants are a British entity named Printed Guitar Picks Limited and individuals who own or control the British entity (Kirk Palmer, Ian Purvis, Julie Palmer) who reside in England do business directly in Massachusetts in the infringing goods. At all relevant times, one or more of the defendants have owned the domain names printsonpicks.com, printedguitarpicks.co.uk and operated one or more websites accessible at the URL ww.printsonpicks.com and www.printedguitarpicks.co.uk.

Creation and Willful Infringement Of Copyrighted Works

A. Philpot's Creation, Ownership of the Photographs

5. Philpot created the Photographs, true copies of which are attached to the accompanying Declaration of Larry Philpot as Exhibit A.

6. Philpot is the author of the Photographs, and has, at all times been the sole owner of all right, title, and interest in the Copyrights to the Photographs.

7.     Philpot registered the Copyrights, in a collection of photographic works, with the United States Copyright Office. Philpot received for those works United States Copyright Registration Numbers VAu 1-164-624, which are valid and enforceable. A true and correct copy of the certificates of Registration are attached to the accompanying Declaration of Larry Philpot as Exhibit B.

**B.**     Defendants' Infringing Activities

10.    Upon information and belief, defendants (i) have made copies of each of the above referenced Photographs, (ii) uploaded copies of the uploaded Photographs to one or more of the online auction site Ebay,  (iii) caused the Photographs to be attached to or incorporated into a physical object or jewelry including in the form of a guitar pick, (iv) caused the physical objects to be offered for sale on the online auction site EBay, (v) sold or caused to be sold the aforesaid physical objects to third parties.

11.    Upon information and belief, at all relevant times, one or more of defendants have been the registrant or owner of the domain name printsonpicks.com and www.printedguitarpicks.co.uk  (the "Domains"), and has or have owned and controlled the server for the domain name "printsonpicks.com" and www.printedguitarpicks.co.uk (the "Servers").

12.    Defendants have never licensed or been authorized to copy, publish or sell the Photographs by Philpot and Defendants have not credited Philpot as the author of the Photographs.

Defendants' Willful Infringement

13.    Defendants are purposely covering up, disguising, hiding and secreting their identity and the true ownership of their online vehicle of displaying and selling my Photographs by causing their website, Domain and Domain name to be registered and hosted under one or more aliases such as "Perfect Privacy LLC" and "Sozo Technologies LLC."   These alias domain name owner

and hosting company have been prevented by defendants from the specific purpose of preventing the identification of defendants' true name, address and identity.

## FIRST CLAIM FOR RELIEF
(Infringement of the Santana Copyright — 17 U.S.C. §§ 106, 501)

14. Philpot incorporates by reference each allegation contained in Paragraphs 1 through 13 above.

15. Philpot owns the Santana Copyright and the copyright registration for it, which are both valid and enforceable.

16. Defendants infringed the Santana Copyright in at least the following ways.

A. <u>Liability for Reproduction under 17 U.S.C. § 106(1)</u>

17. Defendants infringed the Santana Copyright by reproducing the Santana Photograph on an online internet accessible display on Ebay and their websites and by making hard copies affixed to or incorporated into physical objects including jewelry or guitar picks (true copies of which are attached to the accompanying Declaration of Larry Philpot as Exhibit C) in violation of 17 U.S.C. § 106(1).

B. <u>Liability for Public Display under 17 U.S.C. § 106(5)</u>

18. Defendants infringed the Santana Copyright by publicly displaying the Santana Photograph on the Internet on EBay and their websites in violation of 17 U.S.C. § 106(5).

19. Upon information and belief, the foregoing acts of infringement by Defendants were willful and/or in reckless disregard of Philpot's rights.

20. As a direct result of Defendants' infringement of the Santana Copyright, Philpot is entitled, pursuant to 17 U.S.C. § 504(b), to his damages and/or Defendants' profits from the infringement.

21. Alternatively, Philpot is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) of up to $150,000 for the willful infringement of the Santana Copyright.

SECOND CLAIM FOR RELIEF

(Infringement of the Kid Rock Copyright — 17 U.S.C. §§ 106, 501)

22. Philpot incorporates by reference each allegation contained in Paragraphs 1 through 21 above.

23. Philpot owns the Kid Rock Copyright and the copyright registration for it, which are both valid and enforceable.

24. Defendants infringed the Kid Rock Copyright in at least the following ways.

   A. <u>Liability for Reproduction under 17 U.S.C. § 106(1)</u>

25. Defendants infringed the Kid Rock Copyright by reproducing the Kid Rock Photograph on an online internet accessible display on Ebay and their websites and by making hard copies affixed to or incorporated into physical objects including jewelry or guitar picks (true copies of which are attached to the accompanying Declaration of Larry Philpot as Exhibit D) in violation of 17 U.S.C. § 106(1).

   B. <u>Liability for Public Display under 17 U.S.C. § 106(5)</u>

26. Defendants infringed the Kid Rock Copyright by publicly displaying the Kid Rock Photograph on the Internet on EBay and their websites in violation of 17 U.S.C. § 106(5).

27. Upon information and belief, the foregoing acts of infringement by Defendants were willful and/or in reckless disregard of Philpot's rights.

28. As a direct result of Defendants' infringement of the Kid Rock Copyright, Philpot is entitled, pursuant to 17 U.S.C. § 504(b), to his damages and/or Defendants' profits from the infringement.

29. Alternatively, Philpot is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) of up to $150,000 for the willful infringement of the Kid Rock Copyright.

THIRD CLAIM FOR RELIEF

(Infringement of the Young Copyright — 17 U.S.C. §§ 106, 501)

30. Philpot incorporates by reference the current allegations in paragraphs 1 through 29 above.

31. Philpot owns the Young Copyright and the copyright registration for it, which are both valid and enforceable.

32. Defendants infringed the Young Copyright in at least the following ways.

    A. <u>Liability for Reproduction under 17 U.S.C. § 106(1)</u>

33. Defendants infringed the Young Copyright by reproducing the Young Photograph on an online internet accessible display on Ebay and their websites and by making hard copies affixed to or incorporated into physical objects including jewelry or guitar picks in violation of 17 U.S.C. § 106(1).

    B. <u>Liability for Public Display under 17 U.S.C. § 106(5)</u>

34. Defendants infringed the Young Copyright by publicly displaying the Young Photograph on the Internet on EBay and their websites in violation of 17 U.S.C. § 106(5).

35. Upon information and belief, the foregoing acts of infringement by Defendants were willful and/or in reckless disregard of Philpot's rights.

36. As a direct result of Defendants' infringement of the Young Copyright, Philpot is entitled, pursuant to 17 U.S.C. § 504(b), to his damages and/or Defendants' profits from the infringement.

37. Alternatively, Philpot is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) of up to $150,000 for the willful infringement of the Young Copyright.

FOURTH CLAIM FOR RELIEF
UNFAIR AND DECEPTIVE TRADE PRACTICES
(M.G.L. Chapter 93A, Sections 2, 9, 11)

38. Plaintiff realleges, reavers and incorporate herein the allegations of paragraphs 1-37 as well as all subsequent paragraphs of this Complaint as if fully set forth herein.

39. Defendants' aforesaid conduct constitutes an unfair and deceptive trade practice in violation of M.G.L., Chapter 93A, Sections 2, 9 and 11 on account of which plaintiffs have suffered and are continuing to suffer great damage in a total amount as yet undetermined but at minimum in

an amount of statutory damages of $150,000 for willful infringement as described by 17 U.S.C. 504.

40. Further on account of defendants' violation of Chapter 93A plaintiff is entitled to an award of its attorneys' fees and a doubling or trebling of its damages.

WHEREFORE, Philpot respectfully requests judgment as follows:

A. That Defendants be adjudged to have infringed upon Philpot's copyrights in the Photographs in violation of 17 U.S.0 § 106;

B. That Philpot be awarded the greater of (a) Philpot's actual damages and/or Defendants' profits attributable to its infringement of Philpot's copyrights, or (b) alternatively, statutory damages of up to $150,000 per work, pursuant to 17 U.S.C. § 504, the precise amount to be determined;

C. That Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with them be temporarily and permanently enjoined from infringing the Photographs pursuant to 17 U.S.C. § 502;

D. That Philpot be awarded a doubling and/or trebling of all damages determined to be due plaintiff and his costs, including attorneys' fees, pursuant to 17 U.S.C. § 505 and Chapter 93A, Sections 2, 9 and 11, and

E. That Philpot be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Philpot hereby demands a trial by jury on all issues so triable.

Dated: October 13, 2017

Respectfully submitted,

LARRY PHILPOT, Plaintiff
By his attorneys


/s/ M. Lawrence Oliverio_____
M. Lawrence Oliverio, B.B.O. 378755
POLSINELLI PC
100 Cambridge Street, Suite 2101
Boston, MA 02114
(617) 406-0430 – tel
(617) 406-0335 – fax
loliverio@polsinelli.com